Diane Weifenbach, Esq. (SBN 162053)
LAW OFFICES OF DIANE WEIFENBACH
5120 E. LaPalma, Suite 209
Anaheim, CA 92807
Ph: (714) 695-6637
Email: diane@attylsi.com

Attorney for Secured Creditor U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| In Re:<br><br>LAUREN M. MASSA-LOCHRIDGE,,<br><br>  DEBTOR. | CASE NO. : 18-42193<br><br>CHAPTER 13<br><br>**OBJECTION TO CONFIRMATION OF AME3NDED CHAPTER 13 PLAN AND REQUEST FOR HEARING**<br><br><u>Confirmation Hearing</u><br>Date: January 15, 2019<br>Time: 1:30 p.m. |

**COMES NOW,** Secured Creditor U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST ("Creditor"), as successor in interest to the claim of Secured Creditor WELLS FARGO BANK with regard to the lien encumbering Debtor's real property located at 1601 Beverly Place, Berkeley, CA and objects to confirmation of Debtor's Amended Chapter 13 Plan filed October 31, 2018 as follows:

### I. STATEMENT OF FACTS

1. Creditor is the current holder of a Note and Deed of Trust Agreement executed by LAUREN MASSA LOCHRIDGE ("Debtor") DATED June 28, 2002 in the principal sum of $476,250.00, having recently acquired the Note and Deed of Trust from WELLS FARGO BANK ("WFB").

1 **OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN**

2. The Note is secured by a Deed of Trust encumbering the real property located at 16011 Beverly Place, Berkeley, CA.

3. Creditor's predecessor, WFB time filed a Proof of Claim evidencing pre-petition arrears of $362,969.01, including delinquent mortgage payments from March 15, 2006 and a total debt of $821,920.17. Debtor's monthly mortgage payment is $3,771.47 per month, which is greater than Debtor's monthly gross income.

4. On October 26, 2018 WFB filed its Objection to Confirmation of Debtor's Plan. (*Dock. #26*) citing Debtor's prior Bankruptcy filings,

5. On October 27, 2018 this Court entered its Order denying Debtor's Motion to extend the automatic stay as to WFB, Creditor's predecessor in interest. (*Dock. #25*)

6. On October 28, 2018 WFB filed its Motion for Relief from Automatic Stay, including a request for *in rem* relief due to the Debtor's numerous Bankruptcy filings, her failure to make Plan payments in her serial Bankruptcy cases, her substantial pre-petition default, and the denial of her loan modification request in her Third Bankruptcy case.

7. On November 20, 2018 the Trustee filed a Motion to Dismiss Case for Failure to Make Plan Payments. (*Dckt. #47*)

8. As stated in the WFB Objection to confirmation (*Para. 10*), the Debtor participated in the Court's MMM (mortgage modification program) in her Third Bankruptcy case, filed on February 27, 2018, Case No. 18-40467-WJL. Debtor's request for a loan modification was denied and her Third case was dismissed by Stipulation on September 11, 2018, after the Trustee moved for dismissal for failure to make Plan payments.

9. Debtor then filed the within Fourth Bankruptcy case.

10. Debtor's Amended Chapter 13 Plan was filed on October 31, 2018 (*Dck. #33*)

That Plan provides for NO pre-petition arrears on account of Creditor's claim nor does it provide for ongoing post-petition mortgage payments to Creditor.

11. The Plan also does not provide for surrender of Creditor's collateral.

12. Debtor's Schedule "I" reveals she receives $3,600 per month gross income, which is not sufficient to pay the mortgage payment, let along the mortgage and substantial Plan payment.

13. Debtor's Plan cannot be confirmed unless and until Debtor provides for payment in full of Creditor's claim and payment of the post-petition mortgage payments, which she cannot do. In the alternative, Debtor's Plan must provide for a surrender of Creditor's collateral.

## II.   OBJECTION

Application of the provisions of *11 U.S.C. Section 1325* determines when a Plan shall be confirmed by the Court. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed because it violates numerous provisions of *Section 1325 and Section 1326*.

### A. **DEBTOR'S PLAN DOES NOT PROVIDE FOR THE PAYMENT IN FULL OF THE PREPEITTION ARREARS TO CREDITOR**
*11 U.S.C. Section 1325(a)(5)*

*Section 1325(a)(5)* requires that with respect to each secured claim, a proposed Chapter 13 Plan must provide that the value, as of the effective date of the plan, of property to be distributed under the Plan on account of such claims is not less than the allowed amount of such claim. Debtor's Plan cannot be confirmed.

## B. THE DEBTOR WILL NOT BE ABLE TO MAKE ALL PAYMENTS UNDER THE PLAN
*11 U.S.C. §1325(a)(6)*

*Section 1325(a)(6)* requires that a proposed Plan be feasible in such a form that "the debtor will be able to make all payments under the plan and to comply with the plan." Courts have held that where a debtor does not have sufficient income to pay his reasonable expenses and the proposed plan payment, the plan is not feasible as required by *Section 1325(a)(6)* and confirmation must be denied.

The Debtor has the burden of proving that the Plan is feasible. (*In re Endicott*, 157 BR 255, 263 (Banker. W.D. Va. 1993)). Debtor's Schedules reveal that her net disposable income is not sufficient to make the required Plan payment

The Court must consider the Debtor's current and future earning capacity; her future disposable income, whether the Plan provides for payment of interest to this Creditor (which it does not); and whether these payments will significantly reduce the debt. It is clear that the proposed Plan does NOT even come close to reducing Creditor's substantial debt as it provides for no payments on account of Creditor's secured claim. Debtor's Plan violations the Bankruptcy Code, is not feasible and cannot be confirmed.

## C. DEBTOR'S PLAN AND THIS CHAPTER 13 CASE WERE NOT FILED IN GOOD FAITH
*11 U.S.C. Section 1325(a)(3)*

*Section 1325(a)(3)* provides that the Court shall confirm a Plan if the Plan has been proposed in good faith and not by any means forbidden by law. The Plan has not been filed in good faith because, as is stated above, the Debtor has no ability to reorganize and pay her substantial delinquent mortgage payments. This fact is borne out by the Debtor's own Bankruptcy Schedules. Debtor's Plan does not provide for any post-petition or pre-petition mortgage payments to Creditor. This case was filed solely for the purpose of staving off

Creditor's ultimate exercise of its state law rights and remedies pursuant to the Note and Deed of Trust. This is not a Plan of Reorganization as there is no debt that is actually going to be repaid. There is no legitimate intent or ability to reorganize and this Plan and this case were filed in bad faith.

Courts construing the "good faith" requirement have generally coupled this standard to the rehabilitative goals of Chapter 13, holding that it is necessary that the debtor show that its filing presupposes a "valid reorganizational purpose", thereby requiring that there be some showing of the <u>need for rehabilitation</u>, in order to justify the discharge that would be granted to a good faith reorganized debtor.

The legitimate goal of a Chapter 13 is a distributive and reorganization purpose. The Debtor has no such intention in this case, as is evidenced by her frivolous Plan. There is no purpose for this Chapter 13 case. This Bankruptcy case was not filed in good faith and the Plan was not proposed in good faith and cannot be confirmed.

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

1. The Plan be denied confirmation and the case be dismissed;

2. Debtor be barred from filing another case under the Bankruptcy Code;

3. For attorney's fees and costs incurred herein.

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: December 14, 2018     LAW OFFICES OF DIANE WEIFENBACH

By:_____/s/ Diane Weifenbach_____
DIANE V. WEIFENBACH, Attorneys for Creditor U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

5  OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN